IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD J. THOMPSON, III, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. No. 11-1020-SLR |
| DAVID PIERCE, Warden, and and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents.[1] | ) ) |

Donald J. Thompson, III. Pro se petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

October ⸺, 2014
Wilmington, Delaware

---

[1]Warden David Pierce replaced former warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Donald J. Thompson, III's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 3) For the reasons that follow, the court will deny petitioner's § 2254 application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In July 2004, a Delaware Superior Court jury convicted petitioner of attempted first degree robbery, first degree burglary, possession of a firearm during the commission of a felony, carrying a concealed deadly weapon, and resisting arrest. *See Thompson v. State*, 886 A.2d 1279 (Table), 2005 WL 2878167 (Del. Oct. 28, 2005). In December 2004, petitioner was sentenced to a total of twenty years at Level V, effective as of December 24, 2003, to be suspended after eleven years for decreasing levels of supervision. (D.I. 15 at 1) The Delaware Supreme Court affirmed petitioner's convictions and sentence on direct appeal. *See Thompson*, 2005 WL 2878167, at *4.

However, in the interim, on May 4, 2004 and October 4, 2004, petitioner was found to have violated his probation ("VOP"). (D.I. 15 at 1) His VOP sentences were three months at Level V and sixty days at Level V, respectively. *Id.*

Years later, petitioner filed in the Superior Court a petition for a writ of mandamus asserting that his status sheet indicated that the Department of Correction improperly changed the effective date of his original sentence from December 23, 2010 to May 10, 2004. *See Thompson v. Dep't of Correction*, 2010 WL 5050956 (Del. Dec. 8, 2010). On June 14, 2010, the Superior Court held an evidentiary hearing, with petitioner participating by video. The Superior Court dismissed petitioner's petition for a

writ of mandamus, but re-calculated the time remaining on petitioner's sentences. *Id.* at *1. The Superior Court explained that, even though the DOC had changed the original effective date of petitioner's sentence, it had nevertheless correctly calculated the time remaining on the sentences and had actually given petitioner credit for an additional six days to which he was not entitled. *Id.* Petitioner appealed, and the Delaware Supreme Court affirmed that judgment. *Id.* at *2.

Petitioner timely filed the instant application. (D.I. 3) The State filed an answer, contending that the application should be denied because petitioner failed to assert any claims cognizable on federal habeas review. (D.I. 15) Petitioner filed a reply in opposition. (D.I. 20)

## III. DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a federal district court may only entertain a habeas application if the petitioner alleges that he is in custody in violation of the United States Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). In turn, it is well-settled that "[s]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, claims based on errors of state law are not cognizable on habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Petitioner asserts two grounds for relief in his application: (1) the DOC arbitrarily altered his sentence in violation of his due process rights; and (2) the Superior Court lacked authority to alter or consent to the alteration of his sentence and, by doing so, violated his due process rights. The original sentencing order identifies December 24,

2003 as the effective date of petitioner's sentence, whereas petitioner's status sheet shows May 10, 2004 as the effective date of his sentence. Distilled to their core, the instant two claims allege that the DOC and the Superior Court violated petitioner's procedural due process rights by altering the effective date of his sentence on his status sheet seven years after his original sentencing without a court order authorizing that change. (D.I. 4 at 8-9; D.I. 20 at 2) Specifically, petitioner asserts that the

> correct procedure was for the DOC to immediately alert the court to any discrepancies in [his] sentencing order. At that time, the correct procedure would have been for the court to promptly review the order and make any necessary changes within the time constraints prescribed under Delaware Superior Court Rule 35(c). This was not done.

(D.I. 20 at 2)

As an initial matter, to the extent these two claims assert that the DOC and the Superior Court failed to follow the proper procedure for altering sentences as set forth in Delaware Superior Court Criminal Rule 35(c), the claims merely allege an error of state law which fails to present an issue cognizable on federal habeas review.

To the extent petitioner asserts that the method the DOC and Superior Court used to change the starting date of his sentence violated his procedural due process rights, the argument is also unavailing.[2] When analyzing a claim alleging a violation of procedural due process, a court "must first determine whether the nature of the interest is one within the contemplation of the 'liberty or property' language of the Fourteenth Amendment." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 663 (3d Cir. 2011). In

---

[2]The State does not address the issue of exhaustion because it concludes that petitioner's claims are not even cognizable on federal habeas review. Given the State's waiver, the court will not analyze whether petitioner exhausted his state court remedies for these claims.

3

*Evans*, the Third Circuit found that the petitioner's procedural due process rights under the Fourteenth Amendment had not been violated when the department of corrections corrected an inmate's sentence status summary sheet almost eleven years after the petitioner's conviction, because an inmate does not have a fundamental right to be released from prison on or about a certain date. *Id.* The *Evans* Court explained that a miscalculated release date is a "record-keeping mistake," and correcting such a mistake does not violate a petitioner's procedural or substantive due process rights. *Id.* at 659-667. In short, a prisoner does not have "a constitutionally protected liberty interest in a miscalculated release date." *Id.* at 652.

In this case, petitioner's eleven year sentence for his robbery convictions was never changed from the original eleven year sentence that was originally imposed. As explained by the Superior Court judge during petitioner's evidentiary hearing on his petition for writ of mandamus, the original sentence order correctly stated that petitioner's Level V time would be eleven years. (D.I. 17, *Thompson III v. Dept. of Corr.*, June 14, 2010 Hearing Transcript at 7) However, the original sentence order incorrectly listed December 24, 2003 as the effective date because that date failed to take into account the fact that petitioner had to serve two other Level V sentences for his violations of probation (one for three months and one for sixty days) before serving his eleven year sentence for the robbery charges. (D.I. 17, *Thompson III v. Dept. of Corr.*, June 14, 2010 Hearing Transcript at 4) In total, then, petitioner had eleven years and five months of Level V time to serve. The judge further explained that, since two Level V sentences cannot run "at the same time, [] it was proper and appropriate for

4

[the DOC] to adjust the commencement date of Judge Herlihy's order to give full effect to all three sentences." (D.I. 17, *Thompson III v. Dept. of Corr.*, June 14, 2010 Hearing Transcript at 7) "Making room" for the other two Level V sentences would require the eleven year sentence to start on May 24, 2004, and the judge stated "that [the starting date of the sentence] got backed up to May 10 probably through good time credits or something of that nature. It doesn't really matter because backing it up those few days is actually to your benefit." (D.I. 17, *Thompson III v. Dept. of Corr.*, June 14, 2010 Hearing Transcript at 8) As aptly stated by the Superior Court judge, the "bottom line is that under the three Level V sentences, [petitioner] was obligated to do a total of eleven years and five months." (D.I. 17, *Thompson III v. Dept. of Corr.*, June 14, 2010 Hearing Transcript at 8)

To summarize, petitioner was not deprived "of any state created liberty interest because state law never entitled him to be released on the date reflected on the initial" sentence order. *See Evans*, 645 F.3d at 664. In turn, correcting the effective date of petitioner's sentence from December 24, 2003 to May 10, 2004 resulted in a later release date but did not amend petitioner's sentence beyond the eleven years and five months he was always required to serve. *Id.* Given these circumstances, the court concludes that petitioner has failed to demonstrate that the DOC and the Superior Court violated his procedural due process rights. Accordingly, the court will deny the application in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court

must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that petitioner's § 2254 application fails to warrant federal habeas relief. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order will issue.